UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-----------------------------------------------------------------x
JAVIER GONZALO TABOADA OUBINA,

              Plaintiff,

        v.

NESTOR KIRCHNER; MARTHA FLORA SALARI;
ROSA MARIA RODRIGUEZ SALARI; OLGA
ELVIRA OUBINA; ASOCIACION ARTISTICA Y
CULTURAL T45; HOTEL BOLIVAR; CRISTINA
FERNANDEZ DE KIRCHNER; FLORENCIA
KIRCHNER; ANA CANAL; POLICE OFFICER
OF THE MOSSOS DE ESCUADRA WITH T.I.P.
#16097; AMALIA GUERRERO PEDRAZA, Doctor
#33192; VANINA GERMANO, Doctor #29423;
LAURA CASTELLS AULET, Resident Doctor;
JULIO CESAR ORRILLO CHAVEZ; KARINA
LORENA PAREDES COTRINA; CARLOS
HORACIO BAJANA VILLANUEVA; MARGARITA
MASCARO CLO; and DR. LIA LITVAN,

**MEMORANDUM AND ORDER**

16-CV-3853 (WFK)

              Defendants.
-----------------------------------------------------------------x
**WILLIAM F. KUNTZ, II United States District Judge:**

Javier Gonzalo Taboada Oubina ("Plaintiff"), who resides in Brooklyn, New York, filed the above-captioned *pro se* action naming multiple Argentinean and Spanish defendants on June 28, 2016. Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order, but, for the reasons set forth below, the action is dismissed.

## BACKGROUND

The Complaint includes the subheading "Exposure Document and Reporting for Legal Aid Request." Complaint, attached document, ECF Entry No. 1 at 10.[1] It names Argentinean officials, several doctors at psychiatric facilities in Spain, and multiple private individuals,

---

[1] The pages of the standard form and the addenda are not consecutively paginated. The Court refers to the numbers assigned by the Electronic Case Filing ("ECF") System.

including Plaintiff's mother-in-law, ex-wife, and mother, among the defendants. *Id.* at 4-6. In the space on the form complaint to assert a basis for federal court jurisdiction, Plaintiff checks the box for Federal Question and specifies: "All the federal statutes, federal treaties, and/or provisions of the United States Constitution that are related or process, or may be applied or referred to, in a situation of rapture with kidnapping and attempted murder." *Id.* at 7.

Plaintiff states that since 2008 he has lived in a "Situation of Sinister Intimidation Daily Mass in the form of cold physical assault without violence or aggression and psychological and verbal harassment." *Id.* He repeatedly mentions problems "in the Right Ear," which he states "Very Probably is a Nano Chip of an Advanced Technology Designed and Built to be used and serve in the same way [as] an Advanced Secret Weapon." *Id.* at 4, 11, 12. He alleges that the object was implanted in his right ear prior to May, 2008 by "an International Criminal Organization" in Buenos Aires, Argentina. *Id.* at 11. He alleges that the implant has received and sent communications with electromagnetic waves, including images from his eyes. *Id.* at 13, 15. Moreover, he alleges that a "Microcamera with Technical Characteristics and Operation similar and like to those of the Nano Chip" is installed in his rooms. *Id.* at 16. Plaintiff states that he entered psychiatric hospitals in Barcelona, Spain in 2013. *Id.* at 18. Plaintiff also includes an unspecified reference to the events of March 2014 in Crimea, Ukraine and states that an investigation into his situation "can cause a serious conflict or crisis with Russia." *Id.* at 12, 18.

Plaintiff states that he also initiated legal proceedings in the courts of Barcelona, but that his requests for legal assistance were denied. *Id.* at 19. He alleges that this is proof "That Spain Collaborated with the Criminal Organization." *Id.* Plaintiff states that he is

concerned for his life and safety and that "One of the Main Themes for me Actually is that the Nano Chip or Object that have implanted within the right ear Not Again Fall Into the Hands of the international criminal organization." *Id.* at 20.

Plaintiff's requests for relief are: "Legal assistance and Support, to put End at this kind of Kidnapping," "Be Brought to Justice To Deliver the Nano Chip to the Authorities Concerned within a State with a Competent Court to Resolve This Matter and My Case," and "Return to a State of Freedom and Legality within the Criminal and Civil Right of a Competent State to Judge this whole Case and to be Restored and Repaired all My Fundamental Rights and Guarantees." *Id.* at 21.

Plaintiff attaches two images, which he alleges are "an Ultrasound Scan of My right ear, where it Reflected the Object or Element that have Implanted within the right ear, with 0.8x0.8.0.8mm. approximate size." *Id.* at 21; Exhibits, pp. 22-23.

## DISCUSSION

Because Plaintiff is proceeding *pro se,* the Complaint is held to a less stringent standard than pleadings drafted by lawyers, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and the court is obliged to construe the pleadings liberally and to interpret them as raising the strongest arguments they suggest, *Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir. 2006). If a liberal reading of the Complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the Complaint. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

A district court shall dismiss an *in forma pauperis* action where the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The instant Complaint is hereby dismissed because it is patently frivolous. Plaintiff's claims about a "nano chip" implanted in his ear and a vast criminal conspiracy encompassing the government and courts of Argentina and Spain appear to be on "the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, the Court finds that the allegations are the product of delusion or fantasy, and thus determines that the action "is frivolous or malicious" and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

s/ WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: July 19, 2016
Brooklyn, New York